Brent T. Robinson, Esq. (ISB No. 1932)
W. Reed Cotten, Esq. (ISB No. 8976)
ROBINSON & ASSOCIATES
Attorneys at Law
615 H Street
P.O. Box 396
Rupert, ID  83350-0396
Telephone No. (208) 436-4717
Facsimile No.  (208) 436-6804
Email Address:  btr@idlawfirm.com
                       wrc@idlawfirm.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Case No.  20-40535 JMM |
| | ) | (Chapter 11 – Subchapter 5) |
| JOSEPH LEE DILLE, | ) | |
|   aka JOSEPH L. DILLE and | ) | |
| JANA LYNN DILLE, | ) | |
|   aka JANA L. DILLE, | ) | |
| | ) | |
| _____Debtors._____ | ) | |

**CHAPTER 11 – SUBCHAPTER 5 PLAN**

Joseph Lee Dille and Jana Lynn Dille, the debtors herein, propose the following

Plan for reorganization pursuant to Chapter 11 – Subchapter 5 of the Bankruptcy Code:

**ARTICLE I**
**Definitions**

For purposes of this Plan, the following terms shall have the respective meanings

hereinafter set forth, such meanings to be equally applicable to both the singular and plural forms

of the terms defined.

"Allowed claim" shall mean a claim against the debtors' estate for which a proof of

claim has been filed with the Bankruptcy Court within the applicable period of limitation, to which no

objection to the allowance thereof has been interposed within the applicable period of limitation, or

to which an objection has been filed and the validity and/or amount thereof has been determined by an order or judgment which is no longer subject to appeal and no appeal is pending.

"Allowed priority claim" shall mean that portion of an allowed claim entitled to priority under 11 USC § 507.

"Allowed secured claim" shall mean an allowed claim, which is secured by a lien on property of the debtor or a vendor on a real estate contract to the extent of the value of the interest of the holder of such allowed claim in such property as determined by the court pursuant to 11 USC § 506(a).

"Allowed unsecured claim" shall mean an allowed claim of a creditor, which is not secured by a lien on property in which the estate has an interest.  To the extent that the allowed claim of a creditor secured by a lien on property in which the estate has an interest exceeds the value of the creditor's interest and the estate's interest in such property (or the amount subject to setoff), the allowed claim is an unsecured claim.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Idaho, which has jurisdiction over this case.

"Chapter 11" shall mean Chapter 11 – Subchapter 5 of the United States Bankruptcy Code.

"Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, against debtors in existence on or as of the petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

"Claimant" shall mean the holder of an allowed claim.

"Code" shall mean the United States Bankruptcy Code, e.g. 11 USC § 101 et seq., and any amendments thereof.

"Date of confirmation" shall mean the date an order of the Bankruptcy Court is entered confirming the debtor's Plan for reorganization in accordance with the provisions of Chapter 11 – Subchapter 5 of the Code.

"Debtors" or "Debtor" shall mean Joseph Lee Dille and Jana Lynn Dille, the debtors in this Chapter 11 – Subchapter 5 case.

"Petition date" shall mean July 10, 2020.

"Plan" shall mean this Chapter 11 – Subchapter 5 Plan and any duly authorized amendments hereto or modifications hereof.

## ARTICLE II
## HISTORY

Debtors were doing business individually and as Mountain West Ag.  Everything with Mountain West Ag was going good until 2017 when a client who owed us $30,000 went delinquent for a year, which caused debtors to get behind on some of their payments. Then when the client did pay, they only paid a portion of the bill. In 2018, debtors were set to have a banner year until their John Deere 9560 R had engine problems. The tractor was in the shop for over a month, which led to a loss of revenue and a $40,000 engine bill.  In June 2018, the debtors got the tractor back, but it was after the season. In the Spring of 2019, on that same John Deere tractor, the engine fan came loose and went through the radiators, due to faulty service work by a John Deere dealership, which led to another three weeks of lost revenue. Also, the intercoolers that John Deere installed in that tractor went bad four different times, each time leading to a week's worth of downtime. Therefore, debtors were put out of work for close to two months, resulting in a loss of around $70,000 to $80,000. In the Spring of 2020, debtors had to replace all six injectors on that same John Deere tractor. After asking other John Deere dealerships and service professionals, it was discovered that the John Deere dealership should have replaced injectors in 2018 because of the coolant in the engine oil. However, since all work was over a year old, that dealership would not warranty anything. That injector bill was $11,000.

This tractor being down all led to a roughly $100,000 in lost revenue on top of all the bills that piled up. Also, in February of 2020, debtor Joseph Dille had some major back issues which hindered work and led to back surgery in September. With Joseph Dille being the owner and operator of the business, this led to more unexpected down time and is the reason why debtors are requesting payments to start in 2021 so they can, hopefully, catch up. Debtors do not want to put anybody out and are hoping to make things right with the bills they owe. Debtors just need help in doing so.

**ARTICLE III**
**Classifications of Claims**

The claims are classified as follows:

A.  Administrative Fees and Costs

     (1)    Attorney's Fees

B.    Section 507 Priority Claims

     (1)    Department of the Treasury – I. R. S.

     (2)    Idaho State Tax Commission

C.    Classes

     Class I:  Ally Financial

     Class II:  CNH Industrial Capital

     Class III:  Diversified Financial Services

     Class IV:  D L Evans Bank

     Class V:  DLL Finance

     Class VI:  Farmers Bank

     Class VII:  Idaho Central Credit Union

     Class VIII:  John Deere Financial

     Class IX:  Pioneer Federal Credit Union

     Class X:  Specialized Loan Services

     Class XI:  Unsecured Creditors

## ARTICLE IV
## <u>Treatment of Claims and Interests</u>

### A. <u>Administrative Fees and Costs</u>

The administrative expenses of the debtors' Chapter 11 – Subchapter 5 case allowed pursuant to 11 USC § 503(b) of the Code shall be paid in full as follows:

### (1) <u>Attorney's Fees</u>

To date the law firm of Robinson & Associates has been paid the sum of $15,000. Of that amount $4,217 was applied to pre-petition fees and costs, and the balance of $10,783 is being held in trust with the understanding that said sum will be applied to post-petition fees and costs incurred in this case, but only after Court approval has been obtained. As to the allowance to counsel for the debtors for the services rendered to date, as well as for services to be rendered, the debtors and their counsel have agreed to leave the same to the sole discretion of the Court. Upon confirmation of the Plan, counsel will apply to the Court for fees and costs to which he deems himself entitled, based upon his time and hourly charges. If it is determined by the Court that there are fees owed in excess of the amount of funds being held in trust, said sum shall be paid through the trustee by dividing the amount owed into six (6) semi-annual payments, payable at the same time the payments, if there are any owed, are paid to the unsecured creditors.

### <u>Section 507 Priority Claims</u>

Claims entitled to priority pursuant to 11 USC §507(a)(7) shall be paid to the Chapter 11 – Subchapter 5 Trustee who shall disburse such payments to the holders of these claims in accordance with the terms of this Plan.

### (1) **Department of the Treasury – I. R. S.**

The Internal Revenue Service has filed a priority claim for taxes due in the sum

of $4,685.78.  Said sum, or the amount ultimately determined to be owed, together with interest thereon at the rate of 3% per annum shall be paid in 6 equal semi-annual payments of $1,000 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and December of each and every year thereafter until the entire sum ultimately determined to be owed together with interest thereon is paid in full.  The unsecured portion shall be paid according to the Unsecured Creditors Class.  In addition, the debtors shall remain current in the payment of all post-petition taxes.

It is understood and agreed by and between the debtors and the Internal Revenue Service that the discharge granted by 11 USC §1141(d) shall be and the same is modified as to the tax debt provided for in this Plan, and discharge of any tax debt under this Plan shall not be effective until all taxes provided for under this Plan have been paid in full.

If the debtors or the debtors' successor in interest fail to make any deposits of any currently accruing employment tax liability or fail to make payment of any tax to the Internal Revenue Service within thirty (30) days of the due date of such deposit or payment, or if the debtors or debtors' successor in interest fail to file any required federal tax return within thirty (30) days of the due date of such return, then the United States may declare that the debtors are in default of the Plan.  Failure to declare a default does not constitute a waiver by the United States of the right to declare that the debtors or debtors' successor in interest are in default.

If the United States declares the debtors or debtors' successor in interest to be in default of the debtors' obligations under the Plan, then the entire pre-petition liability shall become due and payable immediately upon written demand to the debtors or the debtors' successor in interest.

If full payment is not made within fourteen (14) days of such demand, or other arrangement agreed in writing, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.  The debtors and all the debtors' property shall be liable for such unpaid liabilities as if no bankruptcy had occurred.

In addition, the debtors shall remain current in the payment of all post-petition tax assessments.

(2)  **Idaho State Tax Commission**

The Idaho State Tax Commission has a filed a priority claim for taxes payable in the sum of $1,624  The amount ultimately determined to be owed together with interest thereon at the rate of 3% per annum shall be paid in 6 equal semi-annual payments of $300 each.  The first payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the entire sum ultimately determined to be owed together with interest thereon is paid in full.  In addition, the debtor shall remain current in the payment of all post-petition taxes. The unsecured portion shall be paid according to the Unsecured Creditors Class.

**Class I:  Ally Financial**

Ally Financial has filed a secured claim against a 2017 Ford F350 pickup in the sum of $37,771.92.  That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $2,436.76 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $37,771.92, together with interest thereon, is paid in full.

Ally Financial shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class II:  CNH Industrial Capital

CNH Industrial Capital has a secured claim against a 2016 Case IH Magnum tractor and all equipment accessories in the sum of approximately $140,334.  That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $11,564.28 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $140,334, together with interest thereon, is paid in full.  CNH Industrial Capital shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class III:  Diversified Financial Services

Diversified Financial Services has a secured debt in the sum of approximately $27,515.87 against a rotary plow.  That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $2,292.21 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $47,800.21, together with interest thereon, is paid in full.    Diversified Financial Services shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class IV:  D L Evans Bank

DL Evans Bank has a secured debt against a 2007 Peterbilt 385 and a 1990 Talbert trailer in the sum of approximately $47,800.21.  That sum, together with interest thereon at the rate

of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $3,882.29 each. The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $47,800.21, together with interest thereon, is paid in full. DL Evans Bank shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class V:  DLL Finance

DLL Finance has a claim against a Lemken Solitair Drill in the approximate sum of $131,000. That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $10,130 each. The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $131,000, together with interest thereon, is paid in full. DLL Finance shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class VI:  Farmers Bank

Farmers Bank has two secured claims as follows:

**Loan # 3672:**  A farm loan in the sum of approximately $52,847.58

**Loan #3844:**  A farm loan in the sum of approximately $49,750.34

Those claims in the total sum of approximately $100,000, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $8,260.20 each. The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of

June and the 1st day of December of each and every year thereafter until the sum of $100,000, together with interest thereon, is paid in full. Farmers Bank shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class VII: Idaho Central Credit Union

Idaho Central Credit Union has two secured claims as follows:

**Loan #5243:** A home equity loan against 2764 Sundance Drive, Twin Falls, Idaho, in the sum of approximately $70,000. Said sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 40 equal semi-annual payments of $2,558.90 each. The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $70,000 together with interest thereon, is paid in full. Idaho Central Credit Union shall maintain its lien against the above-described collateral until fully paid as provided herein.

**Loan #7981:** A loan against a 2017 Jayco Octane T30F in the sum of approximately $25,000. Said sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $2,065.05 each. The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $25,000 together with interest thereon, is paid in full. Idaho Central Credit Union shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class VIII:  John Deere Financial

John Deere Financial has a secured claim against a JD9560 in the sum of $180,000.  That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $14,686.35 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $180,000, together with interest thereon, is paid in full.   John Deere Financial shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class IX:  Pioneer Federal Credit Union

Pioneer Federal Credit Union has filed a secured claim against a 2015 Ford Explorer in the sum of $13,260.65.  That sum, together with interest thereon at the rate of 4% per annum from the date of petition, shall be paid in 14 equal semi-annual payments of $1,139.91 each.  The first semi-annual payment shall be made on or before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter until the sum of $31,260.65, together with interest thereon, is paid in full.  Pioneer Federal Credit Union shall maintain its lien against the above-described collateral until fully paid as provided herein.

### Class X:  Specialized Loan Services

That debtors shall catch up on the payments which are now due and owing and pay according to contract.   However, the debtors reserve the right to seek and obtain a loan modification agreement with Specialized Loan Services.

**Class XI:  Unsecured Creditors**

This Class includes any unsecured creditors listed in the debtors' Schedule F, and also includes any creditor that has become unsecured as a result of value determinations being made as to real and personal property.  Any liens against real or personal property not previously mentioned shall mean that said liens are avoided for reason that there is not sufficient value in the property for said claim to be treated as a secured claim.  To be included in this Class, unsecured creditors must file proof of claims before the bar date.  Any claims not filed by that date shall be barred. Debtors shall pay the sum of $1,500 semi-annually to the trustee for a period of three (3) years.  Disbursements to unsecured creditors shall be made on a pro rata basis at the discretion of the trustee from the sum of $1,500 deposited semi-annually.  Said sum shall be deposited with the trustee on or before the before the 1st day of June, 2021, and the second semi-annual payment shall be made on or before the 1st day of December, 2021, with subsequent payments to be made on or before the 1st day of June and the 1st day of December of each and every year thereafter.

## ARTICLE V
## Executory Contracts and Leases

Debtors have the following leases:

1.  **CNH Industrial Capital** – an equipment lease on a used 2015 380 CVT Case IH Magnum tractor, Case IH RTK system and all equipment and accessories.  The term of the lease is from April 14, 2019, through October 14, 2020, with 10 payments of $5,467.51 per quarter.

2.  **Wells Fargo Financial Leasing** – an equipment lease on a 2016 Lemkin planter.  The term of the lease is from June 12, 2017, with a payment of $13,000 every 6 months.

## ARTICLE VI
## Vesting

Except as provided in 11 USC §1228(a), or as otherwise provided in this Plan or the order confirming this Plan, all property of the estate is vested in the debtors, free and clear of all

claims or interest of any creditor provided for by this Plan pursuant to 11 USC §1227(b).  This Plan

is intended to deal with all of the debtors' property, including without limitation, all of the debtors'

tangible and intangible property, real or personal, of whatsoever kind or character.

### ARTICLE VII
### Term of the Plan

The term of the Plan shall be three (3) years, or until such time as six (6) semi-

annual payments have been fully paid.

### ARTICLE VIII
### Chapter 11 – Subchapter 5 Trustee

All payments shall be made by the Chapter 11 – Subchapter 5 Trustee unless

otherwise provided herein.  The amount of the trustee's fee shall be in accordance with §1202(d) of

the Bankruptcy Code.

The debtors' are required to submit monthly or annual reports to the Chapter 11 –

Subchapter 5 trustee, as required by local court rules.

Debtors are required to turn over to the trustee any and all income tax refunds,

which the debtors are entitled to receive during the term of the Plan.

### ARTICLE IX
### Effective Date of Plan

The effective date of this Plan shall be the date the order confirming the Plan is

non-appealable.

### ARTICLE X
### Debt Service Per Plan on Semi-Annual Basis

Administrative Fees – Attorney Fees – Based upon Court approval

Section 507 Claims

I. R. S.                                                                                                    $1,000.00

Idaho State Tax Commission                                                                 300.00

Chapter 11 – Subchapter 5 Plan - 13

CLASS I - Ally Financial                                                    2,436.76

CLASS II - CNH Industrial Capital                                         11,564.28

CLASS III - Diversified Financial                                          2,292.21

CLASS IV - D. L. Evans Bank                                                3,882.29

CLASS V - DLL Financial                                                   10,130.00

CLASS VI - Farmers Bank                                                    8,260.20

CLASS VII - Idaho Central Credit Union
                    #5243                                                  2,558.90
                    #7981                                                  2,065.05

CLASS VIII – John Deere Financial                                        14,686.35

CLASS IX – Pioneer Federal Credit Union                                   1,139.91

CLASS X – Specialized Loan Servicing – According to Contract

CLASS XI  - Unsecured Creditors                                           <u>1,500.00</u>

Total:                                                                    $61,815.95
Subject to Trustee Fee @ 20%:                                            <u>12,363.19</u>
                                                                         <u>$74,179.14</u>

       All disposable income not used for the farming operation shall be paid to the trustee and the trustee may, at his discretion, use said disposable income for purposes of making additional payments to unsecured creditors during the term of the Plan.

**ARTICLE XI**
**<u>Liquidation Analysis</u>**

       If this case were converted to Chapter 7 liquidation bankruptcy the following assumption of loss would occur:

|  |  |
|---|---|
| Sales Commission | 6 % |
| Quick Sales | 5 % |
| Administrative Fees & Trustee's Fee | <u>9</u> % |
|  | 20 % |

Formula for liquidation value:  Security less 20% = Actual Liquidation Value

(1) <u>Real Property –</u>
    Value:                                        $ 353,740.00
      Residence – 2764 Sundance Dr., TF, ID
    Less Costs of Sale (20%):               70,748.00
    Exempt:                                 175,000.00
    Debt:                                    304,487.00
      ICCU - $69,995
      Specialized Loan Servicing - $234,492
    Equity:                                $     00.00

(2) <u>Household Goods and Furnishings</u>
    Value:                              $    EXEMPT
    Less Costs of Sale (20%):
    Exempt:
    Debt:
    Equity:                                00.00

(3) <u>Personal Clothing and Effects</u>
    Value:                              $ EXEMPT
    Less Costs of Sale (20%):
    Exempt:
    Debt:
    Equity:                                00.00

(4) <u>Automobiles, Trucks, Trailers, and Other Vehicles</u>
    (a) Value:
      2016 Ford F350 pickup             $ 9,000.00
      1997 Ford F350 pickup               5,000.00
      2007 Peterbilt Truck              27,000.00
    Debt:
      DL Evans Bank - 2007 Peterbilt Truck    47,800.21
    Equity:                                00.00

    (b) Value:
      2015 Ford Expedition              $18,000.00
    Exempt:                             10,000.00
    Debt:
      Pioneer Federal Credit Union      13,746.00
    Equity:                                00.00

    (c) Value:
      2017 Ford F350 pickup             $42,000.00
    Exempt:                             10,000.00
    Debt:
      Ally Financial                      39,429.00
    Equity:                                00.00

(d) Value:
   2003 Ford F350 pickup (nor running)          $1,500.00
   Less Costs of Sale (20%):                        300.00
   Equity:                                                          $1,200.00

(e) Value:
   1997 Ford XLT Truck                          $4,000.00
   Less Costs of Sale (20%)                         800.00
   Equity:                                                           3,200.00

(f) Value:
   2017 Jayco Octane T30F                      $25,000.00
   Debt:
   Idaho Central Credit Union                   28,077.00
   Equity:                                          00.00

(5) <u>Farm Machinery, Fixtures, Equipment, Implements and Supplies Used in Business</u>
   (a) Value:                                    $70,000.00
      2012 John Deere disk ripper - $25,000
      2007 Great Plains 40' air drill - $25,000
      2007 Landoll 40' field cultivator - $20,000
      Less Costs of Sale (20%):                  14,000.00
      Debt:
      Farmers National (Loan #s 3672 & 3844) – approximately  104,000.00
      Equity:                                       00.00

   (b) Value:
      Rotary plow                              $35,000.00
      Less Costs of Sale (20%)                   7,000.00
      Debt:
      Diversified Financial Service             27,515.87
      Equity:                                       00.00

   (c) Value:
      Lemken Solitair drill                   $138,000.00
      Less Costs of Sale (20%):                 27,600.00
      Debt:
      DLL Finance, LLC                        130,740.23
      Equity:                                       00.00

   (d) Value:
      JD 9560 Tractor                         $180,000.00
      Less Costs of Sale (20%):                 36,000.00
      Debt:
      John Deere Financial                    180,000.00
      Equity:                                       00.00

(e)  Value:
    2016 Case IH Magnum                    $140,000.00
  Less Costs of Sale (20%)                 28,000.00
  Debt:
    CNH Industrial Capital                140,000.00
  Equity:                                     00.00

(6)  Other Tangible Personal Property
    Value:                               $00.00
    Less Costs of Sale (20%):            00.00
    Exempt:                            00.00
    Debt:                                00.00
    Equity:                            00.00

Based upon the foregoing liquidation analysis, $4,400 would be available for the benefit of unsecured creditors if this case was converted to a Chapter 7 and the assets liquidated. The Internal Revenue Service has filed a priority claim of approximately $4,700, but it is expected that when the tax return is filed, that will become zero. It is the intention of the debtors to pay more every six months than the value of the assets available.

## ARTICLE XII
### Use of Cash Collateral and Incurring Secured Debt

When a creditor, either pursuant to this Plan or the order confirming this Plan, retains a lien on cash collateral, which is defined by 11 U.S.C. 363(a), the debtors may continue to use that cash collateral in the farming operation provided the Plan payments stated above are current. The right to use cash collateral shall terminate if debtor[] does not make the payments stated above and such continued use shall only be allowed when the payments are brought current.

Debtors also reserve the right to seek authorization to incur secured debts pursuant to 11 USC § 364(c) and (d).

## ARTICLE XIII
### Yearly Farm Budget

The debtors shall file with the Court and Chapter 11 – Subchapter 5 trustee a yearly budget for their farming operation using the form provided by the trustee. The budget shall be submitted on or before February 1 of each year during the term of this Plan.

**ARTICLE XIV**
**Compliance with Chapter 11 – Subchapter 5**

This Plan complies with the provisions of Chapter 11 – Subchapter 5 and all other applicable provisions of Title 11 of the United States Code.  Any fee, charge or amount required to be paid prior to confirmation under Chapter 11 – Subchapter 5 of Title 28, or by the Plan, has or will be paid.  The Plan has been proposed in good faith and not by any means forbidden by law.

I declare under penalty of perjury that the statements in the within and foregoing Chapter 11 – Subchapter 5 Plan are true and correct to the best of my knowledge, information, and belief.

DATED this 7th day of October, 2020.


/s/ Joseph Lee Dille                                    /s/ Jana Lynn Dille
Joseph Lee Dille                                        Jana Lynn Dille


APPROVED:

ROBINSON & ASSOCIATES


By:/s/ Brent T. Robinson
     Brent T. Robinson